UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | |
|---|---|
| ROBERT GUSEK, ) | **CIVIL ACTION NO. 1:17-CV-137** |
| ) | |
| Plaintiff, ) | |
| ) | **COMPLAINT** |
| vs. ) | |
| ) | |
| CHARTER COMMUNICATIONS, ) | **JURY TRIAL DEMAND** |
| INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**NATURE OF ACTION**

1. Plaintiff Robert Gusek ("Plaintiff") brings this complaint against Defendant Charter Communications, Inc., successor-in-interest to Time Warner Cable, Inc. ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the North Carolina Debt Collection Act ("NCDCA"), N.C.G.S. § 75-50, *et seq.*

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a). *See also Mims v. Arrow Fin. Servs. LLC*, 132 S.Ct. 740, 752 (2012).

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

1

## THE TELEPHONE CONSUMER PROTECTION ACT

4. Congress enacted the TCPA due to widespread concern over the invasion of privacy caused by the proliferation of automatic and prerecorded phone calls. *See Mims*, 132 S.Ct. at 745.

5. In enacting the TCPA, Congress found that "'unrestricted telemarketing…can be an intrusive invasion of privacy.' In particular, Congress reported, 'many consumers are outraged over the proliferation of intrusive nuisance calls to their homes.'" *Id.* at 745. (citing S.Rep. No. 102-178, at 4-5, reprinted in 1991 U.S.C.C.A.N. at 1972).

6. The TCPA makes it unlawful for any person "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service…." 47 U.S.C. § 227(b)(1)(A)(iii).

7. In their 2015 order, the Federal Communications Commission ("FCC") defined 'called party' "to mean the subscriber to whom the dialed wireless number is assigned because the subscriber is charged for the call and . . . is the person whose privacy is interrupted by unwanted calls." *See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, ¶ 74 (2015) (quotations omitted).

8. The FCC further clarified "that the TCPA requires the consent not of the intended recipient of a call, but of the *current subscriber* (or non-subscriber customary user of the phone)." *Id.* at ¶ 72 (emphasis added).

9. "[C]alls to reassigned wireless numbers violate the TCPA when a previous subscriber, not the current subscriber or customary user, provided the prior express consent on which the call is based." *Id.* at ¶ 73.

10. The TCPA gives a private right of action to individuals that allow for both injunctive relief as well as monetary damages. Damages are calculated by the greater of actual damages or $500 for each violation of the statute, and may be trebled in the court's discretion. 47 U.S.C. § 227(b)(3).

## PARTIES

11. Plaintiff is a natural person who at all relevant times resided in the State of North Carolina, County of Guilford, and City of High Point.

12. Defendant is a for-profit telecommunications company who transacts business within the state of North Carolina.

13. Defendant is a "debt collector" as defined by N.C.G.S. § 75-50(3).

## FACTUAL ALLEGATIONS

14. Plaintiff is subscribed to a cellular telephone service and has been assigned a wireless number in connection with such subscription—336-847-7356.

15. On or before January 24, 2015, Defendant began placing phone calls to Plaintiff's wireless number.

3

16. Defendant placed approximately 37 calls to Plaintiff's wireless number between January 24, 2015 and March 5, 2015, sometimes calling several times in one day.

17. During roughly half of the above-referenced calls, Defendant left Plaintiff a pre-recorded message using an artificial or pre-recorded voice.

18. Each prerecorded message stated that Defendant was calling about the account of an individual named Shaquille Peterson [phonetic].

19. Upon information and belief, Defendant was calling regarding an obligation or alleged obligation owed to Defendant by this individual.

20. During other calls, Defendant left a voicemail message on Plaintiff's wireless handset which consisted only of three seconds of silence.

21. Plaintiff spoke with Defendant more than once and informed them that he was not this Shaquille Peterson and that Defendant was calling the wrong number.

22. Still, Defendant continued to place calls to Plaintiff.

23. Upon information and belief, the calls identified above were placed to Plaintiff's wireless handset using an automatic telephone dialing system, and/or using artificial or prerecorded voice technology.

24. Defendant did not place any calls to Plaintiff's wireless number for emergency purposes.

25. Defendant did not have Plaintiff's prior express consent to make any calls identified above to Plaintiff's wireless number.

26. Upon information and belief, Defendant voluntarily placed the calls identified above to Plaintiff's wireless number.

4

27. Upon information and belief, Defendant placed the calls identified above to Plaintiff's wireless number under its own free will.

28. Upon information and belief, Defendant had knowledge that it was using an automatic telephone dialing system to place each of the telephone calls identified above.

29. Upon information and belief, Defendant intended to use an automatic telephone dialing system to place each of the calls identified above.

30. Upon information and belief, Defendant maintains business records that show all calls Defendant placed to Plaintiff's wireless number.

## COUNT I
## VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)

31. Plaintiff repeats and re-alleges each and every factual allegation above.

32. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing calls to Plaintiff's wireless number using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

33. Defendant willfully and knowingly violated 47 U.S.C. § 227(b)(1)(A)(iii) because it intended to place such calls using an automated telephone dialing system and/or an artificial or pre-recorded voice.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) with respect to Plaintiff;

b) Enjoining Defendant from placing any further telephone calls to Plaintiff in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A);

c) Awarding Plaintiff statutory damages in the amount of $500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff treble damages, pursuant to 47 U.S.C. § 227(b)(3);

f) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

g) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such further relief as the Court may deem just and proper.

## COUNT VII
## VIOLATION OF N.C.G.S. § 75-52(3)

34. Plaintiff repeats and re-alleges each and every factual allegation above.

35. Defendant violated N.C.G.S. § 75-52(3) by causing Plaintiff's phone to ring with such frequency as to be unreasonable to constitute a harassment to Plaintiff under the circumstances.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated N.C.G.S. § 75-52(3);

b) Awarding Plaintiff statutory damages per violation, pursuant to N.C.G.S. § 75-56(b)(ii);

c) Awarding Plaintiff actual damages, pursuant to N.C.G.S. § 75-56(b)(i);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to N.C.G.S. § 75-16.1;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

36. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: February 20, 2017

        s/Holly E. Dowd
        Holly E. Dowd (N.C. Bar No. 37533)
        Thompson Consumer Law Group, PLLC
        822 Camborne Place
        Charlotte, NC 28210
        (888) 332-7252 ext. 260
        (866) 317-2674 (fax)
        hdowd@consumerlawinfo.com
        Attorney for Plaintiff

Please send correspondence to the address below:

        Holly E. Dowd
        Thompson Consumer Law Group, PLLC
        5235 E. Southern Ave., D106-618
        Mesa, AZ 85206