# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF NORTH CAROLINA
# GREENSBORO DIVISION

| | |
|---|---|
| ROBERT GUSEK, on behalf of himself and others similarly situated, | CIVIL ACTION NO. 1:17-cv-137 |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| CHARTER COMMUNICATIONS, INC., | |
| Defendant. | |

## NATURE OF ACTION

1. Robert Gusek ("Plaintiff") brings this class action against Charter Communications, Inc. ("Defendant"), successor in interest to Time Warner Cable, Inc., under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331. *See also Mims v. Arrow Fin. Servs. LLC*, 132 S.Ct. 740, 752 (2012).

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

## THE TELEPHONE CONSUMER PROTECTION ACT

4. Congress enacted the TCPA due to widespread concern over the invasion of privacy caused by the proliferation of automatic and prerecorded phone calls. *See Mims*, 132 S.Ct. at 745.

5. In enacting the TCPA, Congress found that unwanted calls "'can be an intrusive invasion of privacy.' In particular, Congress reported, 'many consumers are outraged over the proliferation of intrusive nuisance calls to their homes.'" *Id.* at 745. (citing S.Rep. No. 102-178, at

1

4-5, reprinted in 1991 U.S.C.C.A.N. at 1972).

6. The TCPA makes it unlawful for any person "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service…." 47 U.S.C. § 227(b)(1)(A)(iii).

7. In their 2015 order, the Federal Communications Commission ("FCC") defined called party "to mean the subscriber to whom the dialed wireless number is assigned because the subscriber is charged for the call and . . . is the person whose privacy is interrupted by unwanted calls." *See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, ¶ 74 (2015) (quotations omitted).

8. The FCC further clarified "that the TCPA requires the consent not of the intended recipient of a call, but of the *current subscriber* (or non-subscriber customary user of the phone)." *Id.* at ¶ 72 (emphasis added).

9. "[C]alls to reassigned wireless numbers violate the TCPA when a previous subscriber, not the current subscriber or customary user, provided the prior express consent on which the call is based." *Id.* at ¶ 73.

10. The TCPA gives a private right of action to individuals that allow for both injunctive relief as well as monetary damages. Damages are calculated by the greater of actual damages or $500 for each violation of the statute, and may be trebled in the court's discretion. 47 U.S.C. § 227(b)(3).

## PARTIES

11. Plaintiff is a natural person who at all relevant times resided in the State of North Carolina, County of Guilford, and City of High Point.

12. Defendant is a for-profit telecommunications company who transacts business within the state of North Carolina.

## FACTUAL ALLEGATIONS

13. Plaintiff is subscribed to a cellular telephone service and has been assigned a wireless number in connection with such subscription—336-847-7356.

14. Sometime in 2015 Plaintiff started to receive calls from Defendant on his cellular telephone number.

15. Defendant's calls to Plaintiff's cellular telephone number were intended for Shaquille Peterson.

16. In connection with at least one of its calls to Plaintiff's cellular telephone number, Defendant delivered a prerecorded or artificial voice message intended for Shaquille Peterson.

17. Plaintiff answered at least one of Defendant's calls to his cellular telephone number, and informed Defendant that he was not the person it intended to reach, that Defendant called the wrong number, and that Defendant should stop calling his cellular telephone number.

18. Plaintiff did not give Defendant prior express consent to place calls to his cellular telephone number by using an automatic telephone dialing system or an artificial or prerecorded voice.

19. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone number by using an automatic telephone dialing system, and/or using artificial or prerecorded voice technology.

20. Defendant did not place any calls to Plaintiff's cellular telephone number for emergency purposes.

3

21. Upon information and belief, Defendant knowingly and willfully used an automatic telephone dialing system to place its calls to Plaintiff's cellular telephone number.

22. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone number under its own free will.

23. Upon information and belief, Defendant maintains business records that show all calls it placed to Plaintiff's cellular telephone number.

24. Plaintiff suffered actual harm as a result of the calls at issue—he suffered an invasion of privacy, and the calls at issue tied up his cellular telephone line.

## CLASS ACTION ALLEGATIONS

25. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class:

> All persons and entities throughout the United States (1) to whom Charter Communications, Inc. placed more than one call, (2) directed to a number assigned to a cellular telephone service, (3) by using an automatic telephone dialing system or an artificial or prerecorded voice, (4) from February 20, 2013 through the date of class certification, (5) absent prior express consent—in that the called party was not the intended recipient.

26. Upon information and belief, the members of the class are so numerous that joinder of all of them is impracticable.

27. The exact number of the members of the class is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

28. The members of the class are ascertainable because the class is defined by reference to objective criteria.

29. In addition, the members of the class are identifiable in that, upon information and belief, their cellular telephone numbers, names, and addresses can be identified in business records maintained by Defendant and by third parties.

4

30. Plaintiff's claims are typical of the claims of the members of the class.

31. As it did for all members of the class, Defendant used an automatic telephone dialing system or an artificial or prerecorded voice to place calls to Plaintiff's cellular telephone number, without prior express consent.

32. Plaintiff's claims, and the claims of the members of the class, originate from the same conduct, practice and procedure on the part of Defendant.

33. Plaintiff's claims are based on the same theories as are the claims of the members of the class.

34. Plaintiff suffered the same injuries as the members of the class.

35. Plaintiff will fairly and adequately protect the interests of the members of the class.

36. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class.

37. Plaintiff will vigorously pursue the claims of the members of the class.

38. Plaintiff has retained counsel experienced and competent in class action litigation.

39. Plaintiff's counsel will vigorously pursue this matter.

40. Plaintiff's counsel will assert, protect, and otherwise represent the members of the class.

41. The questions of law and fact common to the members of the class predominate over questions that may affect individual class members.

42. Issues of law and fact common to all members of the class are:

    a. Defendant's conduct, pattern, and practice;

    b. Defendant's violations of the TCPA;

    c. Defendant's use of an automatic telephone dialing system as defined by the TCPA;

  d. Defendant's use of an artificial or prerecorded voice;

  e. Defendant's practice of autodialing wrong or reassigned cellular telephone numbers; and

  f. The availability of statutory penalties.

43.  A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

44.  If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

45.  The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class, and could substantially impair or impede their ability to protect their interests.

46.  The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

47.  These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

48.  The damages suffered by each individual member of the class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them.

49.  The pursuit of Plaintiff's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

50.  There will be little difficulty in the management of this action as a class action.

51. Defendant has acted or refused to act on grounds generally applicable to the members of the class, making final declaratory or injunctive relief appropriate.

## COUNT I
## VIOLATION OF 47 U.S.C. § 227(B)(1)(A)(III)

52. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-51.

53. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an automatic telephone dialing system and an artificial or prerecorded voice to place calls to Plaintiff's cellular telephone number, without his consent.

54. Defendant willfully and knowingly violated 47 U.S.C. § 227(b)(1)(A)(iii) because it intended to place such calls using an automated telephone dialing system and/or an artificial or pre-recorded voice.

## TRIAL BY JURY

55. Plaintiff is entitled to, and demands, a trial by jury.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a class representative under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(a)(iii);

e) Enjoining Defendant from continuing to place calls to Plaintiff's cellular telephone number, and from continuing to place calls to the cellular telephone numbers of members of the proposed class without prior express consent;

7

f) Awarding Plaintiff and the members of the class damages under 47 U.S.C. § 227(b)(3)(B);

g) Awarding Plaintiff and the members of the class treble damages under 47 U.S.C. § 227(b)(3);

h) Awarding Plaintiff and the members of the class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i) Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

j) Awarding such other and further relief as the Court may deem just and proper.

Dated: June 19, 2017          Respectfully submitted,

/s/ Holly E. Dowd
Holly E. Dowd (N.C. Bar No. 37533)
Thompson Consumer Law Group, PLLC
822 Camborne Place
Charlotte, NC 28210
(888) 332-7252 ext. 260
(866) 317-2674 (fax)
hdowd@consumerlawinfo.com

Please send correspondence to the address below:

Holly E. Dowd
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206

**CERTIFICATE OF SERVICE**

I certify that on June 19, 2017, the foregoing document was filed with the Court using CM/ECF, which will send notification of such to counsel of record.

/s/ Holly Dowd
Holly Dowd

8